IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| In re:<br><br>    JOHN A. SCHRAG,<br><br>               Debtor.<br><br>TIFFANY & O'SHEA, LLC, in its capacity as successor personal representative of the estate of Rose Marie Schrag; **LINDA L. BOELENS**, individually and as trustee of the Linda L. Boelens Trust; and **SUSAN A. DION**, individually and as trustee of the Susan A. Dion Trust,<br><br>               Plaintiffs,<br><br>    v.<br><br>**JOHN A. SCHRAG**,<br><br>               Defendant. | United States District Court<br>Case No.: 3:11-cv-01072-SI<br><br>Bankruptcy Case<br>No.: 11-30664-tmb7<br><br>**OPINION AND ORDER** |

KATHRYN M. PRATT
Pratt Law Office LLC
18292 SW Santoro Dr.
Beaverton, OR 97007

    Of Attorneys for Plaintiff-Appellant

MATTHEW A. ARBAUGH
Field Jerger LLP
621 SW Morrison St., Ste. 1225
Portland, OR  97205

    Of Attorneys for Defendant-Appellee

**SIMON, District Judge**,

    In a Chapter 7 bankruptcy proceeding, a creditor has "60 days after the first date set for the meeting of creditors" to file a complaint objecting to the debtor's discharge. Fed. R. Bkrtcy. P. ("Rule") 4004(a). Creditor-Appellants Tiffany & O'Shea, LLC, Linda Boelens, and Susan Dion (collectively "Tiffany") filed a complaint opposing Debtor-Appellee John A. Shrag's ("Schrag") discharge petition one hour and 23 minutes after the 60-day deadline. Schrag moved to dismiss Tiffany's complaint as untimely. In response, Tiffany maintained that technical problems with the court's electronic filing system caused the delay. The Bankruptcy Court conducted its own "independent investigation" of the electronic filing system and decided that the delay was attributable to Tiffany, not the court. Accordingly, it granted Schrag's motion and dismissed Tiffany's complaint.

    On appeal to this court, pursuant to 28 U.S.C. § 158(a)(1), Tiffany contends that the Bankruptcy Court's "independent investigation" impermissibly introduced evidence into the proceeding and that such evidence was factually incorrect. Tiffany also contends that Local R. Bkrtcy. P. ("Local Rule") 5005-4(f)(2) permits a party to obtain relief from untimely filings when the delay is attributable to the court's electronic filing system, not to the filing party. The court agrees. The decision of the Bankruptcy Court dismissing Tiffany's complaint is, therefore, reversed. On remand, the Bankruptcy Court is ordered to reinstate Tiffany's complaint.

OPINION AND ORDER – Pg. 2

## BACKGROUND

On January 31, 2011, Schrag filed a voluntary petition for Chapter 7 bankruptcy. ER 9. Pursuant to 11 U.S.C. § 341(a), within a "reasonable time" after the debtor's filing, the United States trustee "shall convene and preside at a meeting of creditors." The trustee held the "meeting of the creditors" on March 1, 2011, and Tiffany, through its attorney, attended. ER 25-26, 30. The Federal Bankruptcy Rules of Procedure require a creditor to file a complaint objecting to a debtor's discharge "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(a). The Bankruptcy Court announced that the deadline to file an objection to Schrag's discharge was May 2, 2011.[1] ER 30.

On May 2, 2011, Bruce Orr, Tiffany's attorney, "began the filing process for the adversary complaint before midnight[.]" ER 67. The Bankruptcy Court for the District of Oregon requires attorneys to file all documents electronically through the court's Case Management / Electronic Case Filing ("CM/ECF") system.[2] Local Rule 5005-4(b)(1). Use of CM/ECF "does not alter the filing deadline" and electronic filing "must be completed before midnight Pacific time to be considered filed on that day." Local Rule 5005-4(f)(1). Orr "believed [he] had enough time for the electronic filing process to be completed by midnight[.]" ER 67.

The most recent version of the CM/ECF user manual at that time, published by Administrative Office of the United States Courts in June 2010, recommended that parties "use the most recent version of any browser." ER 91. Orr was using the Firefox web browser, version

---

[1] Because the 60th day fell on a Saturday, the court's announced deadline of May 2, 2011, actually fell 62 days after the meeting of the creditors. See Rule 9006(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[2] The CM/ECF system "is the Federal Judiciary's comprehensive case management system for all bankruptcy, district and appellate courts. CM/ECF allows courts to accept filings and provide access to filed documents over the Internet." See http://www.pacer.gov/cmecf/.

OPINION AND ORDER – Pg. 3

4.0.1. ER 67. As he attempted to file the complaint, Orr "encountered problems with the CM/ECF system." Those problems forced him to restart the filing process and to "backtrack several times within the . . . filing process before I could finally accomplish the filing[.]" ER 67. Orr completed the filing at 1:23 a.m. on May 3, 2011, one hour and 23 minutes past the deadline. ER 67, 75.

Tiffany did not immediately move for relief. Instead, on May 20, 2011, Schrag moved to dismiss Tiffany's complaint as untimely. ER 17-18. Tiffany responded to Schrag's motion on June 16, 2011. ER 58-65. On the same day, it filed a separate motion, pursuant to Local Rule 5005-4(f)(2), asking the Bankruptcy Court to deem its filing as timely. ER 55-56. Local Rule 5005-4(f)(2) permits a party "whose filing is untimely due to a technical failure of a court-controlled aspect of the CM/ECF system" to seek "appropriate relief from the court."

Tiffany argued that its filing was delayed because of a "system-wide technical problem with the ECF system[.]" ER 59 (capitalization removed). In particular, it explained that in May 2011, the CM/ECF system had undisclosed "compatibility issues" with the version of the Firefox web browser that Orr was using, which was Firefox version 4.0.1. ER 60, 67. On June 3, 2011, one month after he filed Tiffany's complaint, Orr received an e-mail from the Bankruptcy Court's CM/ECF system. ER 67-68. The e-mail, attached as an exhibit to Tiffany's response, stated in part:

> ECF users are advised NOT TO UPGRADE to version 4.x or 5.x of the Firefox browser.
>
> The Firefox browser versions 4.x and 5.x are not fully compatible with the court's ECF system. Several issues involving electronic filing have been reported. . . . The recommended version of Firefox for use with ECF is 3.6.18[.] ER 77.

OPINION AND ORDER – Pg. 4

According to Orr, until he received this e-mail, he "was not aware that the upgrade to [Firefox version 4.0.1] caused incompatibility problems with the ECF system." ER 67-68. Orr further explained that he "had used Firefox without incident . . . in the past[.]" ER 68.

The Bankruptcy Court granted Schrag's motion to dismiss during a June 27, 2011, telephone conference. During the call, the Bankruptcy Court explained:

> I asked our Clerk's Office about – about . . . Firefox 4 . . . who checked with the Administrative Office of the U.S. Courts, and the Administrative Office programmers looked into our – into our matter, and they tested our [system] using Firefox 4. They had no problems filing [a] case.
>
> They looked at our [transaction] log and verified two facts that we'd noted. One, other users were filing documents successfully in [CM/ECF] before and after midnight. Therefore, our system was definitely operational. And the Court itself was not running any huge jobs that would have slowed the system or created any particular problems. And this Court has received no reported issues with Firefox 4 or with case openings. ER 147-48.

The Bankruptcy Court concluded that Tiffany's late filing was the fault of Tiffany's counsel, not a technical problem with the CM/ECF system: "I don't think that there was a technical failure. I think there was a failure of Mr. Orr to get the complaint filed in a timely manner[.]" ER 149. The Bankruptcy Court did not address the June 3, 2011, e-mail Orr received from the CM/ECF system. After the call, the Bankruptcy Court signed an order prepared by Schrag's counsel stating that after "considering . . . its own independent investigation," Schrag's motion to dismiss was granted and Tiffany's motion for relief was denied. ER 158.

## STANDARD OF REVIEW

The court reviews the Bankruptcy Court's finding of fact for clear error and the Bankruptcy Court's conclusions of law *de novo*. *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010).

/ / /

OPINION AND ORDER – Pg. 5

## DISCUSSION

Pursuant to 28 U.S.C. § 158(c)(1)(A), the appellant may elect to have an appeal heard by the District Court instead of the Bankruptcy Appellate Panel. Tiffany elected to appeal to this court. Doc. #1, pg. 25.

### A.   The Bankruptcy Court's Findings

The Bankruptcy Court made a factual finding that a "technical failure" was not responsible for Tiffany's untimely filing. ER 149. Tiffany contends that the Bankruptcy Court's finding was based on its own investigation, not on evidence submitted by the parties: The Bankruptcy Court "conducted [its] own investigation in this matter and interjected facts . . . into the case." Appellant's Br. 12. The Bankruptcy Court's statements during the hearing on June 27, 2011, make clear that it obtained evidence on its own: The Bankruptcy Court contacted the court clerk, who apparently contacted information technology staff. ER 147-48. Those staff apparently reviewed computer logs and ran tests. ER 147-48. The Bankruptcy Court then relied on that information to reach its decision.

It is a basic principle of jurisprudence, enshrined in common law and statute, that the court may not introduce its own evidence into a proceeding. *Quercia v. United States*, 289 U.S. 466, 470 (1933) (judge "may not . . . add to" evidence); *United States v. Berber-Tinoco*, 510 F.3d 1083, 1091 (9th Cir. 2007), *cert. denied*, 555 U.S. 850 (2008) ("the judge may not actually testify in the proceeding or interject facts (excluding facts for which proper judicial notice is taken)"); Fed. R. Evid. 605 ("presiding judge may not testify as a witness at the trial"); 28 U.S.C. § 455(b)(1) (judge must recuse herself if she has "personal knowledge of disputed evidentiary facts concerning the proceeding"). The Bankruptcy Court's "independent investigation"

impermissibly violated that principle.[3] Courts are the arbiters of the questions of law and fact presented by the parties, not self-directed investigative agencies: "Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment).

Nonetheless, Schrag argues that the Bankruptcy Court "merely relayed [its] knowledge of how [it] actually functions." Appellee's Br. 2 (emphasis omitted). "To reverse," he contends, would "place form over substance." Appellee's Br. 2. Schrag's argument has no basis in law. The prohibition on independent judicial investigation is one that has been, and must be, scrupulously followed. The common practice, when a case calls for evidence from the court, is for the parties to obtain evidence by calling court administrative staff to testify. *See, e.g., United States v. Buchanan*, 213 F.3d 302, 309 (9th Cir. 2000) (noting that "the government called the jury clerk to testify about the procedures used to assemble jury venires in the district"); *United States v. Ramirez*, 884 F.2d 1524, 1526-27 (1st Cir. 1989) (discussing testimony of district court's chief deputy clerk and jury clerk); *Shuman v. Wolff*, 791 F.2d 788, 790-91 (9th Cir.1986) (discussing testimony of district court clerk).

The Bankruptcy Court's fact-finding process was clearly erroneous and its findings are reversed. The remaining relevant factual record consists of Orr's declaration, a section from the CM/ECF user manual, and the e-mail from CM/ECF sent on June 3, 2011. ER 67-68, 77, 91. This

---

[3] The court's "independent investigation," moreover, demonstrates some of the reasons why independent judicial investigation is inappropriate: The parties did not themselves have a chance to question information technology staff. The court-obtained evidence was not introduced into the record. The court did not establish a foundation for the staff's purported knowledge. *See United States v. Lewis*, 833 F.2d 1380, 1386 (9th Cir. 1987) (court's "reliance on . . . facts known to [judge] from his personal experience[] denied the government the opportunity to test the basis for the court's opinion").

OPINION AND ORDER – Pg. 7

evidence is sufficient for this court to find that Orr began the filing process before midnight; that Orr was using version 4.0.1 of the Firefox browser; that the CM/ECF user manual stated that "any browser" was compatible; and that the CM/ECF system sent a notice on June 3, 2011 about compatibility problems with Firefox version 4.0.1. Based on that evidence, the court finds that Tiffany's untimely filing is attributable not to Tiffany but rather to a technical problem with the court's CM/ECF system.

**B.      Relief Pursuant to Local Rule 5005-4(f)(2)**

Rule 4004(a) provides in part that "[i]n a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(b)(1) allows the court to extend "for cause the time for filing a complaint objecting to discharge," but requires that "the motion shall be filed before the time has expired."[4] By their plain terms, the Rules are "strict": "Bankruptcy Rules 4004(a) and 4007(c)[5] set a strict sixty day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of the debts." *In re Anwiler*, 958 F.2d 925, 927 (9th Cir. 1992). Though strict, Rule 4004(a) is not

---

[4]      Rule 4004(b)(2), which is not applicable to present case, provides in part:

A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection.

[5]      Rule 4007(c) is not at issue in the instant case. It provides:

Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

OPINION AND ORDER – Pg. 8

jurisdictional. *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) (deadline in Rule 4004(a) does not "delineate what cases bankruptcy courts are competent to adjudicate").

Local Rule 5005-4(f)(2) permits a party to request relief when a filing "is untimely due to a technical failure of a court-controlled aspect of the ECF system." Tiffany contends that, under the circumstances, this rule permits relief. Schrag, however, argues that Local Rule 5005-4(f)(2) cannot override Rule 4004(a), which is "inflexible." Appellee's Br. 8. Absent "a pre-deadline request," Schrag argues, the District Court "has no discretion to extend the deadline even for a short amount of time." Appellee's Br. 10. Thus, the court must decide whether Local Rule 5005-4(f)(2) provides an exception to Rule 4004(a)'s "strict" deadline. The court concludes that it does.

"Local rules are 'laws of the United States.'" *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995) (quoting *United States v. Hvass*, 355 U.S. 570, 575 (1958)). District courts may adopt any rule that is "not inconsistent with the federal rules or Acts of Congress." *United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979); Fed. R. Civ. P. 83(a)(1) (a "local rule must be consistent with—but not duplicate—federal statutes and rules"). In the event that a local rule conflicts with a federal rule, the local rule "cannot be enforced." *Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981). The court, however, is under an "obligation to construe local rules so that they do not conflict with the federal rules[.]" *Marshall*, 44 F.3d at 725.

In this case, the local rule does not conflict with Rule 4004(a). Rule 4004(a) forbids a party from objecting to a debtor's discharge more than sixty days after the § 341(a) meeting of the creditors. Local Rule 5005-4(f)(2) does not permit either a party to circumvent or the court to extend that deadline; rather, it permits the court to correct a court-caused error where a filing would have otherwise been timely. Thus, for a party to obtain relief pursuant to Local

OPINION AND ORDER – Pg. 9

Rule 5005-4(f)(2), it must establish that, but for the court-caused technical problem, it would have completed the filing on time. Given that restriction, Local Rule 5005-4(f)(2) does not grant an objecting-party any flexibility that Rule 4004(a) forbids. In all cases, the objecting-party must correctly follow filing procedures within the deadline. In the rare circumstance where a party has attempted to meet Rule 4004(a)'s deadline and correctly followed the court's prescribed electronic filing procedures, but has, nonetheless, encountered a court-caused technical problem, Local Rule 5005-4(f)(2) offers a limited avenue for relief. In such circumstances, the Bankruptcy Court may deem that the filing was made within the deadline. *See Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72, 74 (2nd Cir. 2005) (holding that district court may "deem the motion made on the date that the motion would have been filed but for failure to comply with requirements of the electronic filing system").

      This approach is consistent with the Ninth Circuit's opinion in *In re Anwiler*, 958 F.2d 925 (9th Cir. 1992). In that case, a bankruptcy court sent creditors a notice stating the wrong deadline for filing objections. A creditor, relying on that notice, filed his complaint after the deadlines in Rules 4004(a) and 4007(c). The bankruptcy court dismissed the complaint as untimely. The Bankruptcy Appellate Panel reversed and the Ninth Circuit affirmed the Panel. *Id.* at 926. The Ninth Circuit began its analysis by noting that 11 U.S.C. § 105(a) grants bankruptcy courts a measure of equitable power: "The court issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." That equitable power, the Ninth Circuit found, "would be meaningless if courts were unable to correct their own mistakes." *Id.* at 929. As such, the Ninth Circuit concluded that the bankruptcy court should have relied on

OPINION AND ORDER – Pg. 10

11 U.S.C. § 105(a) to permit the creditor's "complaint to proceed in spite of its untimely filing."[6] *Id.*

During its analysis, the Ninth Circuit found that the "intent behind the rules [4004(a) and 4007(s)] is not circumvented by allowing an untimely complaint to stand when a party relied on a court document sent before the deadline had expired." *Id.* Importantly, the Ninth Circuit did not hold that 11 U.S.C. § 105(a) granted the Bankruptcy Court the power to enlarge the time in which to file a complaint under Rules 4004(a) or 4007(c) after the deadline had passed. Instead, it merely permitted the courts to "correct their own mistakes." Local Rule 5005-4(f)(2) operates in a similar fashion. Neither Local Rule 5005-4(f)(2) nor *In re Anwiler* establish that a bankruptcy court may extend the deadline set forth in Rule 4004(a) after it has passed. Both allow the court, however, in a narrow set of circumstances, to correct court-caused mistakes.

Further confirmation that Local Rule 5005-4(f)(2) does not conflict with Rule 4004(a) is found in Rule 9006(a)(3). As Tiffany points out, Local Rule 5005-4(f)(2) is essentially a more specific derivation of Rule 9006(a)(3). Appellant's Br. 21. Rule 9006(a)(3), which applies to "any time period specified in these rules," enlarges the time for filing when "the clerk's office is inaccessible." The Bankruptcy Panel has held that Rule 9006 may alter deadlines set forth in Rule 4004(a). *In re Burns*, 102 B.R. 750, 752 (9th Cir. BAP 1989). In addition, the Advisory Committee Notes to the 2009 Amendments to Rule 9006(a)(3) make clear that Rule 9006(a)(3) is intended to cover the failure of a court's electronic filing system: "The text of the rule no longer refers to 'weather or other conditions' as the reason for the inaccessibility of the clerk's office. The reference to 'weather' was deleted from the text to underscore that inaccessibility can occur

---

[6] Although *In re Anwiler* possibly establishes an alternate basis for Tiffany to request relief, Tiffany states that it is not seeking relief pursuant to 11 U.S.C. § 105(a). Appellant's Reply Br. 5.

OPINION AND ORDER – Pg. 11

for reasons unrelated to weather, such as an outage of the electronic filing system." Thus, Local Rule 5005-4(f)(2) explicitly provides for what Rule 9006(a)(3) implicitly permits.

The Bankruptcy Court and Schrag maintain that an unpublished Bankruptcy Appellate Panel decision, *In re Wright*, No. CC-09-1388-DuMkJa, 2010 WL 6259968 (9th Cir. BAP June 10, 2010), compels the opposite result. ER 147; Appellee's Br. 4 (*In re Wright* is "absolutely on-point"). The court disagrees. In *In re Wright*, the creditor's complaint was untimely not because of a technical failure attributable to the court but because the creditor attempted to file his complaint in the wrong system. *Id.* at *4 ("the record tends to establish that the complaint was untimely because [the creditor's] attorney tried to file it in the wrong system"). Here, the evidence establishes that the error lay with the court, not the creditor.

Schrag also contends that another case, *In re Santos*, 112 B.R. 1001 (9th Cir. BAP 1990), establishes that a "request for an extension of the [Rule 4004(a)] deadline must be filed prior to the expiration of the deadline." Appellee's Br. 7. In *In re Santos*, the Bankruptcy Appellate Panel held that the doctrines of equitable tolling and equitable estoppel could not provide relief to a creditor who filed an objection beyond the deadlines established in Rules 4004(a) and 4007(c). The Panel noted, during its discussion, that the "Ninth Circuit, and this Panel have consistently held that a bankruptcy court has no discretion to grant relief from the filing deadline unless a motion for extension of time is filed within the 60 day period established by [Rule 4004(a)]." *Id.* at 1007. Schrag relies on this quote to contend that "if there was no pre-deadline request[,] the court cannot grant an extension of the deadline." Appellee's Br. 9.

*In re Santos* is inapposite here. Local Rule 5005-4(f)(2) does not permit the Bankruptcy Court discretion to grant relief from Rule 4004(a)'s filing deadline. Rather, as explained above, it allows the Bankruptcy Court to deem that a filing was made in a timely manner when a court-

OPINION AND ORDER – Pg. 12

caused technical problem delayed an otherwise timely finding. Moreover, in *In re Santos* the creditor filed late because he relied on a statement made by the debtor's attorney. 122 B.R. at 1003. The Panel addressed only the applicability of equitable tolling and equitable estoppel to those circumstances. It did not consider the different factual and legal circumstances present in the instant case, where the court, not another party, caused the delay.

Thus, based on this court's determination, *supra*, that Tiffany's filing was made untimely by a court-caused technical problem, Local Rule 5005-4(f)(2) permitted Tiffany to apply for relief. The court concludes that relief is appropriate. Accordingly, the court reverses the decision of the Bankruptcy Court and remands the case with an order to reinstate Tiffany's complaint.

## CONCLUSION

The decision of the Bankruptcy Court is **REVERSED** and the case is **REMANDED** with instructions to reinstate Tiffany's complaint.

IT IS SO ORDERED.

Dated this 5th day of December, 2011

Michael H. Simon
United States District Judge